IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CASE NUMBER: 3:22-3073-TLW

| | |
|---|---|
| Charise A. Scott<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CMH Homes, Inc.<br><br>　　　　　　　　　Defendant. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, Charise A. Scott, complaining of the Defendant above named, would respectfully show unto this Honorable Court that:

## PARTIES AND JURISDICTION

1. Plaintiff Charise A. Scott is a citizen and resident of Richland County, South Carolina.

2. Defendant CMH HOMES, INC, hereinafter "CMH" is a company organized under the laws of Tennessee which owns property and transacts business in the State of South Carolina, including in the area that comprises the Columbia Division of the United States District Court of South Carolina.

3. Venue is proper in this matter as the incident which forms the basis of this Complaint occurred in Kershaw County which lies within the Columbia Division of The District Court for The District of South Carolina.

4. This Court has jurisdiction over this matter under 28 U.S.C. §1332 as complete diversity does not exist amongst the parties and the amount in controversy exceeds $75,000.00.

## FACTUAL BACKGROUND

5. On January 13, 2022, at approximately 3:50 p.m., Plaintiff was driving a 2020 Dodge Ram Utility Van travelling west on Eskie Dixon Road in Elgin, South Carolina.

6. At the same time on January 13, 2022, Defendant CMH Homes, Inc. through its agent, Kenneth Paul Dumond, was driving a 2018 Nissan Utility Truck with VIN # 1N6BFOLYOJN809461 travelling east on Eskie Dixon Road in Elgin, South Carolina.

7. Defendant CMH owned the aforementioned 2018 Nissan Utility Truck which it's agent Kenneth Paul Dumond was driving.

8. Defendant CMH's aforementioned 2018 Nissan Utility Truck which was being driven by Kenneth Paul Dumond suddenly and without warning entered the Plaintiff's lane of travel and struck the Plaintiff's vehicle head on causing catastrophic damage to both Plaintiff's person and the vehicle she was driving.

9. As a result of the horrific impact, the van plaintiff was driving burst into flames and Plaintiff had to be pulled out of the burning vehicle to save her life.

10. As a proximate result of collision, Plaintiff was diagnosed with 12 broken ribs, a fractured femur, a fractured hip, and other serious injuries. The mere fact the Plaintiff is alive is a miracle.

11. Plaintiff is entitled to actual and punitive damages against Defendant CMH Homes, Inc.

## FOR A FIRST CAUSE OF ACTION
(Negligence, Gross Negligence, Vicarious Liability)

12. The Plaintiff repeats and re-alleges paragraphs 1 through 11 as though set forth herein verbatim, and would further allege:

13. Defendant CMH acting through its agent Kenneth Paul Dumond, was negligent, negligent per se, reckless, willful and wanton in one or more of the following ways:

   a. In failing to maintain a proper lookout;
   b. In failing to keep its vehicle under proper ;
   c. In driving while using a cellular telephone;
   c. In failing to maintain their lane in violation of SC Code § 56-5-1900;
   d. In failing to observe the road and traffic conditions;
   e. In paying attention to other matters when it should have been paying attention to road conditions;
   f. In driving a vehicle in such a manner as to indicate either willful or wanton disregard for the safety of others in violation of S.C. Code Ann § 56-5-2920, thereby constituting negligence per se;
   g. In generally failing to use the degree of care and caution that a reasonably prudent person would have used under the same or similar circumstances;
   h. In violating state laws and federal regulations enacted to protect the safety and health of the motoring public, so as to constitute negligence per se; and
   i. In other ways as may be discovered throughout the course of this litigation.

j. In failing to have in place policies and procedures to train and/or monitor its drivers including Defendant Dumond, or if such procedures were in place, in failing to enforce them;

k. In failing to have in place adequate policies and procedures to mandate compliance by its drivers with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

l. In failing to have in place an adequate safety program for the safety and protection of the motoring public, or if such program was in place, in failing to implement it;

m. In failing to ensure that Defendant Dumond had the proper training and experience to be able to navigate a vehicle in a safe and effective manner;

n. In entrusting a vehicle to Defendant Dumond when Defendant CMH knew or should have known that Defendant Dumond could not navigate the vehicle in a safe and effective manner;

o. In failing to properly investigate Defendant Dumond's driving record and/or ability to drive to ensure that the Defendant Dumond possessed the requisite skill and attention to maintain control of and ability to drive a vehicle for Defendant CMH.

p. In failing to ensure that Defendant Dumond had sufficient, adequate and current training, credentials and skills to properly drive a company vehicle;

q. In hiring Defendant Dumond as a driver when Defendant CMH knew or should have known that Defendant Dumond was not qualified or had the requisite skill to drive a company vehicle;

r. In retaining Defendant Dumond as a driver when Defendant CMH knew or should have known that Defendant Dumond was not qualified or had the requisite skill to drive a company vehicle;

s. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

All of which constitute negligence, carelessness, recklessness, wantonness and/or gross negligence and are attributable to Defendant CMH through its agent Kenneth Paul Dumond by virtue of the doctrine of respondent superior and vicarious liability.

14. As a direct and proximate result of the acts sof negligence, gross negligence, and

recklessness on the part of Defendant, Plaintiff sustained and will in future sustain severe personal injury; experienced and will in the future experience great pain and suffering; experienced and will in the future experience shock and emotional distress; experienced and in the future will experience economic loss; and experienced and will in the future experience mental anguish.

15. Plaintiff is entitled to a judgment against Defendant for actual and punitive damages in an amount to be determined by a jury.

16. Plaintiff specifically and unequivocally demands a trial by jury.

WHEREFORE, Plaintiff, respectfully prays for a trial by jury, judgment against Defendant for actual damages, special damages, consequential damages, and punitive damages in an amount to be determined by the jury at the trial of this action and for the costs and disbursements of this action and for such other and further relief as this Court deems just and proper.

**LAW OFFICE OF BRENDAN J. GREEN, LLC.**

S/*Brendan J. Green*
Brendan J. Green Fed Bar No. 13402
P.O. Box 6624
Columbia, SC 29260
Telephone:  803-297-3080
Email: brendan@brendangreenlaw.com

**AND**

**GOODING AND GOODING, P.A.**

By: s/Mark B. Tinsley
Mark B. Tinsley – Fed Bar No. 7160
P.O. Box 1000
Allendale, SC 29810

Email: mark@goodingandgooding.com
Telephone: 803-584-7676

Columbia, SC
September 12, 2022